IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ILLINOIS STATE PAINTERS WELFARE FUND,)
PAINTERS DISTRICT COUNCIL NO. 58      )
FRINGE BENEFITS FUNDS, PAINTERS       )
AND GLAZIERS OF CENTRAL AND           )
SOUTHERN ILLINOIS HEALTH & WELFARE    )
FUND, INTERNATIONAL PAINTERS AND      )
ALLIED TRADES INDUSTRY PENSION        )
FUND, PAINTERS DISTRICT COUNCIL 58    )
401(k) TRUST FUND, PAINTERS DISTRICT  )
COUNCIL #58 APPRENTICESHIP AND        )
TRAINING FUND, and                    )
PAINTERS-EMPLOYERS COOPERATIVE        )
TRUST OF ILLINOIS,                    )
                                      )
            Plaintiffs,               )
                                      )
vs.                                   )      Case No: 09-cv-857-JPG-DGW
                                      )
CY WUEBBELS & SONS PAINTING           )
CONTRACTORS, L.L.C., CHARLES          )
WUEBBELS, Individually and MICHAEL    )
WUEBBELS, Individually.               )
                                      )
            Defendants.               )

## CONSENT DECREE AND STIPULATED JUDGMENT

THIS MATTER, coming on to be heard upon the Plaintiffs' Complaint and the

Defendants' Answer and Affirmative Defenses thereto, the Parties having reached a

compromise, and having stipulated and agreed to the entry of this Consent Decree and Stipulated

Judgment, and the Court being fully advised in the premises, HEREBY MAKES THE

FOLLOWING FINDINGS:

1.      This Court has jurisdiction over this matter and the Parties as this action arises under

the Employee Retirement Income Security Act of 1974, as amended from time to time and

codified at 29 U.S.C. §1001 *et seq.* ("ERISA") and the Labor Management Relations Act of

1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2.     The Plaintiff Funds are multiemployer plans pursuant to the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA").

3.     The Defendant, Cy Wuebbels & Sons Painting Contractors, L.L.C. ("Cy Wuebbels & Sons"), is an "employer" engaged in an industry within the meaning of §§1002 (5), (11), (12) and (14) of ERISA, and has at all relevant times been bound by the terms and provisions of the Collective Bargaining Agreements referred to in Plaintiff's Complaint with Painters District Council No. 58, International Union of Painters and Allied Trades, AFL-CIO, CLC and Central Illinois Builders of A.G.C., Southern Illinois Builders Association, and Independent Painting and Allied Trades Contractors doing business in the jurisdiction of Painters District Council No. 58, and by the terms and provisions of the Agreements and Declarations of Trust governing the Plaintiff Funds.

4.     The Plaintiff Funds are third-party beneficiaries of the Collective Bargaining Agreements.

5.     The Parties have entered into a Settlement Agreement (the "Settlement Agreement") that resolves the matters at issue in Plaintiffs' Complaint and Defendants' Answer and Affirmative Defenses thereto.

6.     By stipulation and agreement of the Parties, Cy Wuebbels & Sons owes the Plaintiffs the sum of $88,351.50 for certain fringe benefit contributions, audit costs, and attorneys' fees and costs based upon the findings from payroll audits for the time period of January 1, 2004 through December 31, 2007.  The sum of $88,351.50 is allocated as follows: $15,364.14 is owed to Plaintiff Illinois State Painters Welfare Fund (consisting of fringe benefit contributions of $8,853.94, audit costs of $1,129.45, and attorneys' fees and costs of $5,380.75);

$45,157.35 is owed to Plaintiff Painters District Council No. 58 Fringe Benefits Funds (consisting of fringe benefit contributions of $36,957.75, audit costs of $1,129.45, and attorneys' fees and costs of $7,070.15); and $27,830.01 is owed to Plaintiff International Union of Painters and Allied Trades (consisting of fringe benefit contributions of $23,419.01, and attorneys' fees and costs of $4,411.00).

7.      By stipulation and agreement of the Parties, Cy Wuebbels & Sons also owes the Plaintiffs the sum of $13,846.14 for certain liquidated damages based upon the findings from payroll audits for the time period of January 1, 2004 through December 31, 2007, provided that Plaintiffs agree to waive these liquidated damages if Cy Wuebbels & Sons complies fully with each and every term and provision of the Settlement Agreement and this Consent Decree and Stipulated Judgment. The sum of $13,846.14 is allocated as follows: $1,770.79 is owed to Plaintiff Illinois State Painters Welfare Fund; $7,391.55 is owed to Plaintiff Painters District Council No. 58 Fringe Benefits Funds; and $4,683.80 is owed to Plaintiff International Union of Painters and Allied Trades.

8.      By stipulation and agreement of the Parties, Cy Wuebbels & Sons shall within six (6) months of the date of the Settlement Agreement provide Plaintiffs with affidavits and waivers duly executed by each of the employees set forth in paragraph 8 of the Settlement Agreement in a form acceptable to the Plaintiffs stating and affirming that each employee was not performing covered work during certain disputed hours for which the Plaintiffs claim fringe benefit contributions and union dues in the sum of $76,834.85 are owed under the Collective Bargaining Agreements based upon the findings from payroll audits for the time period of January 1, 2004 through December 31, 2007. At the end of the six (6) month period, Cy Wuebbels & Sons agrees that it will owe fringe benefit contributions and union dues in the sum

of $76,834.85, subject to such sum being reduced by an amount equal to the fringe benefit contributions and dues owed for any employee and disputed hours that Cy Wuebbels & Sons provides an affidavit and waiver as described above. The sum of $76,834.85 is allocated as follows: $23,885.82 is owed to Plaintiff Illinois State Painters Welfare Fund; $31,198.91 is owed to Plaintiff Painters District Council No. 58 Fringe Benefits Funds (consisting of fringe benefit contributions of $27,887.39 and union dues of $3,311.52); and $21,750.12 is owed to Plaintiff International Union of Painters and Allied Trades.

9.      By stipulation and agreement of the Parties, Cy Wuebbels & Sons shall within six (6) months of the date of the Settlement Agreement provide Plaintiffs with affidavits and waivers duly executed by each of the employees set forth in paragraph 8 of the Settlement Agreement in a form acceptable to the Plaintiffs stating and affirming that each employee was not performing covered work during certain disputed hours for which the Plaintiffs claim liquidated damages in the sum of $15,366.96 are owed under the Collective Bargaining Agreements based upon the findings from payroll audits for the time period of January 1, 2004 through December 31, 2007. At the end of the six (6) month period, Cy Wuebbels & Sons agrees that it will owe liquidated damages in the sum of $15,366.96, subject to such sum being reduced by an amount equal to the liquidated damages owed in regard to the fringe benefit contributions and dues owed for any employee and disputed hours that Cy Wuebbels & Sons provides an affidavit and waiver as described above. The sum of $15,366.96 is allocated as follows: $4,777.16 is owed to Plaintiff Illinois State Painters Welfare Fund; $6,239.78 is owed to Plaintiff Painters District Council No. 58 Fringe Benefits Funds; and $4,350.02 is owed to Plaintiff International Union of Painters and Allied Trades.

10.     By stipulation and agreement of the Parties, a stipulated judgment shall be entered in favor of the Plaintiffs and against Cy Wuebbels & Sons in the amount of $88,351.50. Cy Wuebbels & Sons agrees to pay the Plaintiffs this sum over a 42 month period (the "repayment period") by making 42 monthly payments to the Plaintiffs, commencing with a first payment on or before June 5, 2011, and each subsequent payment on or before the 5th day of each month thereafter until the sum of $88,351.50 is paid in full. Cy Wuebbels & Sons agrees to make payments of at least $1,000.00 per month, provided that Cy Wuebbels & Sons further agrees that it shall make payments totaling at least $25,243.29 over each of the first three 12 month periods of the repayment period, and payments totaling at least $12,621.63 over the final 6 months of the repayment period.

11.     The Parties have requested that the United States District Court for the Southern District of Illinois, retain jurisdiction over the Parties, the Settlement Agreement and the Consent Decree and Stipulated Judgment for purposes of enforcing the terms and provisions of their Settlement Agreement and the Consent Decree and Judgment pursuant to the authority of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82, 114 S.Ct. 1673 (1994).

12.     A copy of the Settlement Agreement is attached hereto and the terms and provisions of the Settlement Agreement are fully incorporated into and made a part of this Consent Decree and Stipulated Judgment.


IT IS HEREBY ORDERED AS FOLLOWS:

A.     This Court shall retain jurisdiction over the Parties and the Settlement Agreement and this Consent Decree and Stipulated Judgment for the purpose of enforcing the terms of the Parties' Settlement Agreement and this Consent Decree and Stipulated Judgment.

B.     The Parties shall comply with the terms and provisions of the Settlement Agreement.

C.     A Stipulated Judgment is entered in favor of the Plaintiffs and against the Defendant, Cy Wuebbels & Sons Painting Contractors, L.L.C., in the amount of $88,351.50.

D.     Defendant, Cy Wuebbels & Sons Painting Contractors, L.L.C., shall pay the Plaintiffs the Stipulated Judgment sum of $88,351.50 over a 42 month period (the "repayment period") by making 42 monthly payments to the Plaintiffs, commencing with a first payment on or before June 5, 2011, and each subsequent payment on or before the 5th day of each month thereafter until the sum of $88,351.50 is paid in full.  Defendant, Cy Wuebbels & Sons Painting Contractors, L.L.C., shall make payments of at least $1,000.00 per month, provided that Defendant, Cy Wuebbels & Sons Painting Contractors, L.L.C., shall make payments totaling at least $25,243.29 over each of the first three 12 month periods of the repayment period, and payments totaling at least $12,621.63 over the final 6 months of the repayment period.

E.     Defendant, Cy Wuebbels & Sons Painting Contractors, L.L.C., shall be in default under this Consent Decree and Stipulated Judgment if Defendant, Cy Wuebbels & Sons Painting Contractors, L.L.C., fails to make any payment in the amount required and when due under this Consent Decree and Stipulated Judgment, or fails to fulfill and/or comply with any other term, provision or obligation of this Consent Decree and Stipulated Judgment.  Defendant, Cy Wuebbels & Sons Painting Contractors, L.L.C., may cure any default within five (5) business days of receipt of a written notice of default from the Plaintiffs.

F.     Upon any default by Defendant, Cy Wuebbels & Sons Painting Contractors, L.L.C., that is not cured within five (5) business days of receipt of a written notice of default from the Plaintiffs; the Plaintiffs shall have all rights and remedies provided by law, cumulatively, successively or concurrently.  In addition to those rights, the Plaintiffs shall be immediately entitled to petition this Court to amend the Consent Decree and Stipulated Judgment to add to the balance of the Stipulated Judgment the sum of $13,846.14 for the liquidated damages described in paragraph 7 hereof and any other sums as may be appropriate pursuant to the terms and provisions hereof, initiate collection proceedings in regard to the balance then owed under the Consent Decree and Stipulated Judgment, and to take action to otherwise enforce the terms and provisions of this Consent Decree and Stipulated Judgment.

G.     If Defendant, Cy Wuebbels & Sons Painting Contractors, L.L.C., fails to within six (6) months of the date of the Settlement Agreement provide the Plaintiffs with an affidavit and waiver signed by each of the employees set forth in paragraph 8 of the Settlement Agreement in a form acceptable to the Plaintiffs stating and affirming that each employee was not performing covered work during the disputed hours for which the Plaintiffs claim fringe benefit contributions and union dues in the sum of $76,834.85 are owed under the Collective Bargaining Agreements, then (1) Defendant, Cy Wuebbels & Sons Painting Contractors, L.L.C. shall owe Plaintiffs fringe benefit contributions and union dues in the sum of $76,834.85, subject to such sum being reduced by an amount equal to the fringe benefit contributions and dues owed for any employee and disputed hours that Cy Wuebbels & Sons provides an affidavit and waiver as described above; and (2) Plaintiffs shall be immediately entitled to petition this Court to amend the Consent Decree and Stipulated Judgment to add to the balance of the Stipulated Judgment the sum of all fringe benefit contributions and union dues owed to the Plaintiffs for the

employees and disputed hours for which affidavits and waivers were not provided, to initiate collection proceedings in regard to the balance then owed under the Consent Decree and Stipulated Judgment, and to take action to otherwise enforce the terms and provisions of the Consent Decree and Stipulated Judgment.

H.     If Defendant, Cy Wuebbels & Sons Painting Contractors, L.L.C., fails to within six (6) months of the date of the Settlement Agreement provide the Plaintiffs with an affidavit and waiver signed by each of the employees set forth in paragraph 8 of the Settlement Agreement in a form acceptable to the Plaintiffs stating and affirming that each employee was not performing covered work during the disputed hours for which the Plaintiffs claim liquidated damages in the total amount of $15,366.96 are owed under the Collective Bargaining Agreements, then (1) Defendant, Cy Wuebbels & Sons Painting Contractors, L.L.C. shall owe Plaintiffs liquidated damages in the sum of $15,366.96, subject to such sum being reduced by an amount equal to the liquidated damages owed in regard to the fringe benefit contributions and dues owed for any employee and disputed hours that Cy Wuebbels & Sons provides an affidavit and waiver as described above; and (2) Plaintiffs shall be immediately entitled to petition this Court to amend the Consent Decree and Stipulated Judgment to add to the balance of the Stipulated Judgment the sum of all liquidated damages owed to the Plaintiffs for the employees and disputed hours for which affidavits and waivers were not provided, to initiate collection proceedings in regard to the balance then owed under the Consent Decree and Stipulated Judgment, and to take action to otherwise enforce the terms and provisions of the Consent Decree and Stipulated Judgment.

I.      This Consent Decree and Stipulated Judgment only affect the rights of the Parties in regard to the time periods and sums owed as detailed in the Settlement Agreement and in paragraphs 6, 7, 8, and 9 hereof.

Agreed as to Form and Content:

ILLINOIS STATE PAINTERS WELFARE FUND *et al.*, Plaintiffs,

By:_____s/ John P. Leahy_____
        JOHN P. LEAHY
        CAVANAGH & O'HARA LLP
        Attorneys for Plaintiffs
        407 East Adams Street
        Springfield, IL 62701
        (217) 544-1771 – Telephone
        (217) 544-9894 – Facsimile
        johnleahy@cavanagh-ohara.com

CY WUEBBELS & SONS PAINTING CONTRACTORS, L.L.C., CHARLES WUEBBELS, and MICHAELWUEBBELS,

By:   s/Christopher M. Sanders_____
        Christopher M. Sanders
        The Lowenbaum Partnership, LLC
        Attorney for Defendants
        222 South Central Avenue, Suite 901
        Clayton, MO 63105
        (314) 746-4809
        Fax:  (314) 746-4848
        csanders@lowenbaumlaw.com

This matter having come before the Court, the parties having stipulated to the dismissal of some claims and having entered into a consent decree as to the other claims,

IT IS HEREBY ORDERED AND ADJUDGED that Counts I and IV are dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that Counts II, III, V, and VI

are dismissed without prejudice.

**IT IS SO ORDERED.**
**DATED: June 14, 2011**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**

THIS SETTLEMENT AGREEMENT ("Settlement Agreement") is hereby made by and between ILLINOIS STATE PAINTERS WELFARE FUND ("ISP"), PAINTERS DISTRICT COUNCIL NO. 58 ("DC 58"), PAINTERS AND GLAZIERS OF CENTRAL AND SOUTHERN ILLINOIS HEALTH & WELFARE FUND, INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND ("IUPAT"), PAINTERS DISTRICT COUNCIL 58 401(k) TRUST FUND, PAINTERS DISTRICT COUNCIL #58 APPRENTICESHIP AND TRAINING FUND and PAINTERS-EMPLOYERS COOPERATIVE TRUST OF ILLINOIS on the one part (hereinafter referred to collectively as the "FUNDS"), and CY WUEBBELS & SONS PAINTING CONTRACTORS, L.L.C. on the other part (hereinafter referred to as "EMPLOYER").

WITNESSETH:

WHEREAS, the FUNDS receive fringe benefit contributions from numerous employers pursuant to collective bargaining agreements between employers and Painters District Council No. 58, on behalf of the local unions under its jurisdiction, all of which are affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (hereinafter "Union"); therefore, the FUNDS are multiemployer plans under §1002 of the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA");

WHEREAS, EMPLOYER is an "employer" engaged in an industry within the meaning of §§1002 (5), (11), (12) and (14) of ERISA;

WHEREAS, EMPLOYER entered into collective bargaining agreements with the Union covering the time periods of May 1, 2002 through April 30, 2007 and May 1, 2007 through April 30,

2011 (the "Collective Bargaining Agreements"), whereby EMPLOYER agreed to, among other things, pay fringe benefit contributions to the FUNDS on behalf of its employees for each hour its employees performed covered work under the Collective Bargaining Agreements;

WHEREAS, the FUNDS conducted audits of EMPLOYER by examining EMPLOYER'S payroll books and records for the time period of January 1, 2004 through December 31, 2007 in order to determine whether EMPLOYER complied with its obligations to make payment of all fringe benefit contributions required under the Collective Bargaining Agreements, and to determine whether any unpaid fringe benefit contributions are owed to the FUNDS for the time period of January 1, 2004 through December 31, 2007;

WHEREAS, the audits disclosed that EMPLOYER failed to comply with its obligations under the provisions of the Collective Bargaining Agreements, by underpaying certain fringe benefit contributions that are owed to the FUNDS on behalf of certain employees who performed covered work for the time period of January 1, 2004 through December 31, 2007.

WHEREAS, the FUNDS filed suit against EMPLOYER in the United States District Court for the Southern District of Illinois, East St. Louis Division, case no.: 09-857-JPG; and this case is currently pending;

WHEREAS, EMPLOYER has indicated a desire to remain a union contractor and sign a new collective bargaining agreement with the FUNDS upon the expiration of the current collective bargaining agreement;

WHEREAS, the FUNDS and EMPLOYER desire to enter into this Settlement Agreement in order to resolve the issues between the FUNDS and EMPOYER arising out of the audit findings for the time period of January 1, 2004 through December 31, 2007;

WHEREAS, the FUNDS and EMPLOYER desire to stipulate to the entry of a Consent Decree and Stipulated Judgment, that will incorporate the terms and provisions of this Settlement Agreement, for purposes of resolving the FUNDS' claims against EMPLOYER that are pending in the lawsuit pending in United States District Court for the Southern District of Illinois, East St. Louis Division, case no.: 09-857-JPG.

WHEREAS, the FUNDS and EMPLOYER desire that the United States District Court for the Southern District of Illinois retain jurisdiction over the Parties, this Settlement Agreement and the Consent Decree and Stipulated Judgment for purposes of enforcing the terms and provisions of this Settlement Agreement and the Consent Decree and Stipulated Judgment, pursuant to the authority of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82, 114 S.Ct. 1673 (1994); and

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the FUNDS and EMPLOYER, the FUNDS and EMPLOYER agree as follows:

1.      EMPLOYER agrees that it owes the FUNDS the sum of $88,351.50 for fringe benefit contributions for certain non-disputed hours that were worked by its employees, audit costs, and attorneys' fees and costs based upon and/or arising out of the findings from the audits for the time period of January 1, 2004 through December 31, 2007; which sum is itemized by Fund and amount as follows:

ISP:

| | |
|---|---|
| $ 8,853.94 | (delinquent contributions) |
| $ 1,129.45 | (audit costs) |
| $ 5,380.75 | (attorneys' fees and costs) |

--------------
$15,364.14

<u>DC 58</u>:

$36,957.75   (delinquent contributions)
$ 1,129.45   (audit costs)
$ 7,070.15   (attorneys' fees and costs)
--------------
$45,157.35

<u>IUPAT</u>:

$23,419.01   (delinquent contributions)
$ 4,411.00   (attorneys' fees and costs)
--------------
$27,830.01

2.    EMPLOYER agrees to pay the FUNDS the sum of $88,351.50 over a 42 month period (the "repayment period") by making 42 monthly payments to the FUNDS, commencing with a first payment on or before June 5, 2011, and each subsequent payment on or before the 5th day of each month thereafter until the sum of $88,351.50 is paid in full. EMPLOYER agrees to make payments of at least $1,000.00 per month, provided that EMPLOYER further agrees that it shall make payments totaling at least $25,243.29 over each of the first three 12 month periods of the repayment period, and payments totaling at least $12,621.63 over the final 6 months of the repayment period.

3.    The above referenced payments shall be made by cashier's check, certified check, or money order payable to Cavanagh & O'Hara LLP and mailed to the law offices of Cavanagh & O'Hara LLP at 407 East Adams Street, Springfield, Illinois 62701.

4.    The Parties agree to entry of a stipulated judgment in favor of the FUNDS and against EMPLOYER in the sum of $88,351.50 in the case currently pending before the United States District Court for the Southern District of Illinois, East St. Louis Division, case no.: 09-857-JPG.

5.     EMPLOYER agrees to submit all future monthly fringe benefit contribution reporting forms and payment for contributions owed to the FUNDS on or before the fifteenth (15th) day of every month following the execution of this Settlement Agreement.

6.     If EMPLOYER complies in full with all of the terms and provisions of this Settlement Agreement, including without limitation its obligation to make each and every payment in the amount required and when due, and to submit all future monthly fringe benefit contribution reporting forms and payment for contributions owed to the FUNDS on or before the fifteenth (15th) day of every month following the execution of this Settlement Agreement, further collection proceedings will not be initiated by the FUNDS in regard to the stipulated judgment in the sum of $88,351.50. This paragraph and its terms are only meant to act as an agreement in regard to the collection of the fringe benefit contributions, audit costs and attorneys' fees and costs owed to the FUNDS as are more particularly described in paragraph 1 above.

7.     EMPLOYER agrees that it owes the FUNDS the sum of $13,846.14 for liquidated damages in regard to the fringe benefit contributions more particularly described in paragraph 1 above, which sum is itemized by Fund and amount as follows:

ISP:

$1,770.79          liquidated damages

DC 58:

$7,391.55          liquidated damages

IUPAT:

$4,683.80          liquidated damages

The FUNDS agree to waive the liquidated damages in the sum of $13,846.14 if EMPLOYER complies in full with all of the terms and provisions of this Settlement Agreement, including without limitation its obligation to make each and every payment in the amount required and when due as set forth in paragraph 2 above and to submit all future monthly fringe benefit contribution reporting forms and payment for contributions owed to the FUNDS on or before the fifteenth (15th) day of every month following the execution of this Settlement Agreement. If EMPLOYER fails to comply in full with all of the terms and provisions of this Settlement Agreement, including without limitation its obligation to make each and every payment in the amount required and when due as set forth in paragraph 2 above and to submit all future monthly fringe benefit contribution reporting forms and payment for contributions owed to the FUNDS on or before the fifteenth (15th) day of every month following the execution of this Settlement Agreement, the liquidated damages in the sum of $13,846.14 shall remain due and the Parties stipulate and agree that the FUNDS shall be immediately entitled to amend the Consent Decree and Stipulated Judgment to add to the stipulated judgment the sum of $13,846.14 for the liquidated damages set forth in this paragraph.

8. EMPLOYER acknowledges that a claim has been made by the FUNDS, based upon the findings from the audits for the time period of January 1, 2004 through December 31, 2007, that fringe benefit contributions and union dues in the sum of $76,834.85 are owed to the FUNDS by EMPLOYER for certain hours that were worked by its employees (the "disputed hours"), which sum and disputed hours worked are itemized by Fund and amount as follows:

ISP:

| Employee | Year | Hours | Working Dues | Contributions |
|----------|------|-------|--------------|---------------|
| Michael Swift | 2007 | 492.00 | n/a | $ 2,312.40 |

| Employee | Year | Hours | Working Dues | Contributions |
|---|---|---|---|---|
| Mark Chepely | 2005 | 1261.00 | n/a | $ 5,524.40 |
| Mark Chepely | 2006 | 1229.50 | n/a | $ 5,566.31 |
| Mark Chepely | 2007 | 149.00 | n/a | $ 700.30 |
| Benjamin Gossard | 2005 | 485.50 | n/a | $ 2,064.20 |
| Andrew Morris | 2005 | 1033.50 | n/a | $ 4,547.40 |
| Salvator Governale | 2006 | 65.50 | n/a | $ 304.58 |
| Eynon Dunn | 2006 | 344.50 | n/a | $ 1,601.93 |
| Tanner Stephenson | 2007 | 269.00 | n/a | $ 1,264.30 |
| | | | | -------------- |
| | | | | $23,885.82 |

## DC 58:

| Employee | Year | Hours | Working Dues | Contributions |
|---|---|---|---|---|
| Kevin Manche | 2006 | 766.00 | $ 479.01 | $ 5,349.68 |
| Kevin Manche | 2007 | 328.00 | $ 206.64 | $ 2,519.04 |
| Mark Chepely | 2005 | 1261.00 | $ 743.08 | $ 2,648.18 |
| Mark Chepely | 2006 | 1180.00 | $ 725.66 | $ 2,478.08 |
| Mark Chepely | 2007 | 122.50 | $ 109.53 | $ 296.46 |
| Michael Swift | 2007 | 492.00 | $ 174.08 | $ 1,190.64 |
| Mike Watt | 2005 | 527.00 | $ 258.23 | $ 3,625.67 |
| Mike Watt | 2006 | 830.00 | $ 406.70 | $ 5,776.38 |
| Tyler Castiler | 2006 | 102.50 | $ 35.88 | $ 724.45 |
| John Dannehold | 2006 | 453.50 | $ 172.71 | $ 3,278.81 |
| | | | -------------- | -------------- |
| | | | $3,311.52 | $27,887.39 |

## IUPAT:

| Employee | Year | Hours | Working Dues | Contributions |
|---|---|---|---|---|
| Kevin Manche | 2006 | 766.00 | n/a | $ 2,601.40 |
| Kevin Manche | 2007 | 328.00 | n/a | $ 1,230.00 |
| Mark Chepely | 2005 | 1261.00 | n/a | $ 4,539.60 |
| Mark Chepely | 2006 | 1180.00 | n/a | $ 4,248.00 |
| Mark Chepely | 2007 | 122.50 | n/a | $ 471.63 |
| Michael Swift | 2007 | 492.00 | n/a | $ 1,894.20 |
| Mike Watt | 2005 | 527.00 | n/a | $ 1,844.59 |
| Mike Watt | 2006 | 830.00 | n/a | $ 2,923.85 |
| Tyler Castiler | 2006 | 102.50 | n/a | $ 364.25 |

| John Dannehold | 2006 | 453.50 | n/a | $ 1,632.60 |

$$\frac{}{\$21{,}750.12}$$

The FUNDS acknowledge that EMPLOYER claims that fringe benefit contributions and union dues in the sum of $76,834.85 are not owed to the FUNDS for the disputed hours, because its employees were not performing covered work during the disputed hours for which fringe benefit contributions and union dues are owed under the Collective Bargaining Agreements. EMPLOYER agrees to, within six (6) months of the date of this Settlement Agreement, provide the FUNDS with affidavits and waivers duly executed by each employee set forth above in a form acceptable to the FUNDS stating and affirming that each employee was not performing covered work during the disputed hours for which the FUNDS claim fringe benefit contributions and union dues are owed under the Collective Bargaining Agreements. Upon receipt, within six (6) months of the date of this Settlement Agreement, of fully executed affidavits and waivers in a form acceptable to the FUNDS from each of the employees set forth above and covering all of the disputed hours, the FUNDS will not make any further claim in regard to the disputed hours and the fringe benefit contributions and union dues set forth in this paragraph 8.

9.      If EMPLOYER fails to, within six (6) months of the date of this Settlement Agreement, provide the FUNDS with an affidavit and waiver signed by any of the employees set forth in paragraph 8 above in a form acceptable to the FUNDS in regard to the disputed hours stating and affirming that the employee was not performing covered work during the disputed hours for which the FUNDS claim fringe benefit contributions and union dues are owed under the Collective Bargaining Agreements, then EMPLOYER agrees that the fringe benefit contributions and union dues set forth in paragraph 8 above will be owed by EMPLOYER to the FUNDS for the employees and disputed hours

for which affidavits and waivers are not provided. In addition, EMPLOYER agrees that the FUNDS shall be immediately entitled to amend the Consent Decree and Stipulated Judgment to add to the stipulated judgment the sum of all fringe benefit contributions and union dues owed to the FUNDS for the employees and disputed hours for which affidavits and waivers are not provided, and to enforce the Consent Decree and Stipulated Judgment and initiate collection proceedings in regard to the balance then owed under the Consent Decree and Stipulated Judgment, notwithstanding any other provision of this Settlement Agreement.

10.     EMPLOYER acknowledges that a claim has been made by the FUNDS, based upon the findings from the audits for the time period of January 1, 2004 through December 31, 2007, that EMPLOYER owes the FUNDS the sum of $15,366.96 for liquidated damages in regard to the fringe benefit contributions and union dues more particularly described in paragraph 8 above, which sum is itemized by Fund and amount as follows:

> ISP:
>
> $4,777.16          liquidated damages
>
> DC 58:
>
> $6,239.78          liquidated damages
>
> IUPAT:
>
> $4,350.02          liquidated damages

The FUNDS acknowledge that EMPLOYER claims that liquidated damages in the sum of $15,366.96 are not owed to the FUNDS in regard to the fringe benefit contributions and union dues more particularly described in paragraph 8 above, because its employees were not performing covered work during the disputed hours for which fringe benefit contributions and union dues are owed under

the Collective Bargaining Agreements. EMPLOYER agrees to, within six (6) months of the date of this Settlement Agreement, provide the FUNDS with affidavits and waivers duly executed by each employee set forth in paragraph 8 above in a form acceptable to the FUNDS stating and affirming that each employee was not performing covered work during the disputed hours for which the FUNDS claim fringe benefit contributions and union dues are owed under the Collective Bargaining Agreements. Upon receipt, within six (6) months of the date of this Settlement Agreement, of fully executed affidavits and waivers in a form acceptable to the FUNDS from each of the employees set forth in paragraph 8 above and covering all of the disputed hours, the FUNDS will not make any further claim in regard to the liquidated damages set forth in this paragraph 10.

11.     If EMPLOYER fails to, within six (6) months of the date of this Settlement Agreement, provide the FUNDS with an affidavit and waiver signed by any of the employees set forth in paragraph 8 above in a form acceptable to the FUNDS in regard to the disputed hours stating and affirming that the employee was not performing covered work during the disputed hours for which the FUNDS claim fringe benefit contributions and union dues are owed under the Collective Bargaining Agreements, then EMPLOYER agrees that liquidated damages set forth in paragraph 10 will be owed by EMPLOYER to the FUNDS for the employees and disputed hours for which affidavits and waivers are not provided. In addition, EMPLOYER agrees that the FUNDS shall be immediately entitled to amend the Consent Decree and Stipulated Judgment to add to the stipulated judgment the sum of all liquidated damages owed to the FUNDS for the employees and disputed hours for which affidavits and waivers are not provided, and to enforce the Consent Decree and Stipulated Judgment and initiate collection proceedings in regard to the balance then owed under the Consent Decree and Stipulated Judgment, notwithstanding any other provision of this Settlement Agreement.

12.     EMPLOYER shall be in default under this Settlement Agreement if EMPLOYER fails to make any payment in the amount required and when due under this Settlement Agreement, or fails to fulfill and/or comply with any other term, provision or obligation of this Settlement Agreement. EMPLOYER may cure any default within five (5) business days of receipt of a written notice of default from FUNDS.

13.     Upon any default by EMPLOYER that is not cured within five (5) business days of receipt of a written notice of default from FUNDS, the FUNDS shall have all rights and remedies provided by law, cumulatively, successively or concurrently. In addition to those rights, the FUNDS shall be immediately entitled to amend the Consent Decree and Stipulated Judgment to add to the stipulated judgment any sums as may be appropriate pursuant to the terms and provisions hereof, initiate collection proceedings in regard to the balance then owed under the Consent Decree and Stipulated Judgment, and seek to otherwise enforce the terms and provisions of the Consent Decree and Stipulated Judgment.

14.     Nothing contained herein shall require the FUNDS to take legal action in the event of a default by EMPLOYER. If the FUNDS decide in their sole discretion to permit additional time for EMPLOYER to cure a default, such allowance of additional time shall not be construed as a waiver of their rights or remedies under this Settlement Agreement or the Consent Decree and Stipulated Judgment.

15.     The Parties agree that upon the execution of this Settlement Agreement, and the execution of the Consent Decree and Stipulated Judgment, the Parties shall file a Stipulation to dismiss without prejudice the counts set forth in the Plaintiffs' Complaint directed against EMPLOYER'S principals, with each Party to the Stipulation to bear its own costs.

16.     This Settlement Agreement and its terms are only meant to act as an agreement in regard to EMPLOYER'S liability for the time periods and sums owed as detailed in paragraphs 1, 7, 8, and 10 above.  Any liability not specifically referenced in paragraphs 1, 7, 8, and 10 above is excluded from the terms herein.

17.     The language and all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any of the Parties hereto.  The Parties acknowledge that each Party has had an opportunity to consult with counsel and to review and revise this Settlement Agreement and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting Party shall not be employed in the interpretation of this Settlement Agreement.

18.     No waiver of any of any term, provision, default and/or breach of this Settlement Agreement shall be deemed, or shall constitute a waiver of any other term, provision, default and/or breach whether or not similar, nor shall any waiver constitute a continuing waiver.  No waiver shall be binding unless executed in writing by the party making the waiver.  No delay or omission by the FUNDS in exercising any right or remedy shall operate as a waiver of that or any other right or remedy, and no waiver of any right or remedy of the FUNDS shall be deemed a waiver of any other or future right or remedy.

19.     The rights and remedies provided by this Settlement Agreement are cumulative and the use of any one right or remedy by any Party shall not preclude or waive the right to use any other remedy.  The rights and remedies provided by this Settlement Agreement are given in addition to any other legal rights the parties may have.

20.     The Parties understand and agree that should any provision of this Settlement Agreement or any part thereof be rendered or declared invalid by any decree of a court of competent jurisdiction, all other provisions and parts of this Settlement Agreement remain in full force and effect.

21.     This terms and provisions of this Settlement Agreement shall be binding upon and inure to the benefit of parties' successors and assigns.

22.     The FUNDS specifically retain and do not waive any right to delinquent contributions, interest, liquidated damages, audit costs, attorneys' fees and costs or any other additional sums to which the FUNDS may be entitled to from the EMPLOYER, other than as may be provided in this Settlement Agreement and only then upon the strict compliance with the terms and provisions of this Settlement Agreement.

23.     Notwithstanding the foregoing, the Parties to this Settlement Agreement understand and agree that nothing contained herein shall in any manner relate to or otherwise limit the obligations of EMPLOYER or any trade or business under common control or the rights of the FUNDS with respect to the assessment and collection of withdrawal liability pursuant to 29 U.S.C. §1381, et seq. Contribution history used for any withdrawal liability purposes whatsoever is not waived, settled, compromised, or released by this Settlement Agreement.

24.     CHARLES WUEBBELS and MICHAEL WUEBBELS represent and warrant that each is a Manager, Member and authorized agent of EMPLOYER and has full power and authority to execute and deliver this Settlement Agreement on behalf of EMLOYER. CHARLES WUEBBELS and MICHAEL WUEBBELS further represent and warrant that the execution, delivery and performance of this Settlement Agreement by EMPLOYER has been duly and validly authorized and

approved by all necessary action and no additional authorization or consent is required in connection with the execution, delivery and performance of this Settlement Agreement by EMPLOYER. CHARLES WUEBBELS and MICHAEL WUEBBELS further represent and warrant that this Settlement Agreement constitutes a legal, valid and binding agreement of EMPLOYER, enforceable against EMPLOYER in accordance with its terms and provisions.

25. The Parties stipulate and agree that the United States District Court for the Southern District of Illinois has jurisdiction over the Parties and the action currently pending between the Parties in that Court, case no.: 09-857-JPG; and that the Parties desire and shall jointly request that the Court retain jurisdiction over the Parties, this Settlement Agreement, and the Consent Decree and Stipulated Judgment for purposes of enforcing the terms and provisions of this Settlement Agreement and the Consent Decree and Stipulated Judgment pursuant to the authority of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82, 114 S.Ct. 1673 (1994).

26. This Settlement Agreement may be executed in any number of counterparts and by different Parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed an original, but all such counterparts together shall constitute but one and the same instrument; signature pages may be detached from multiple separate counterparts and attached to a single counterpart so that all signature pages are physically attached to the same document. This Settlement Agreement shall become effective upon the execution of a counterpart hereof by each of the Parties hereto and receipt by each of the Parties hereto of written or electronic notification of such execution and authorization of delivery thereof.

IN WITNESS WHEREOF, the Parties hereto have caused their signatures, or the signatures of their duly authorized agent, to be set forth below.

Dated this 19th day of May, 2011        FUNDS:

                                        ILLINOIS STATE PAINTERS WELFARE
                                        FUND,

                                    By: _____
                                        Gregg Smith, Trustee

Dated this 19th day of May, 2011        PAINTERS DISTRICT COUNCIL
                                        NO. 58 FRINGE BENEFITS FUND,
                                        PAINTERS AND GLAZIERS OF
                                        CENTRAL AND SOUTHERN ILLINOIS
                                        HEALTH & WELFARE FUND,
                                        PAINTERS DISTRICT COUNCIL
                                        58 401(k) TRUST FUND, PAINTERS
                                        DISTRICT COUNCIL #58
                                        APPRENTICESHIP AND TRAINING
                                        FUND and PAINTERS-EMPLOYERS
                                        COOPERATIVE TRUST OF ILLINOIS,

                                    By: _____
                                        Gregg Smith, Trustee

Dated this ___ day of May, 2011         INTERNATIONAL PAINTERS AND
                                        ALLIED TRADES INDUSTRY PENSION
                                        FUND

                                    By: _____
                                        Tom Montemore, Plan Administrator

Dated this ___ day of May, 2011         EMPLOYER:

                                        CY WUEBBELS & SONS PAINTING
                                        CONTRACTORS, L.L.C.

                                    By: _____
                                        CHARLES WUEBBELS, its Manager, Member
                                        and Authorized Agent

                                        _____
                                        MICHAEL WUEBBELS, its Manager, Member
                                        and Authorized Agent

Page 15 of 15

Dated this \_\_\_ day of May, 2011      FUNDS:

ILLINOIS STATE PAINTERS WELFARE FUND,

By: _____
Gregg Smith, Trustee

Dated this \_\_\_ day of May, 2011      PAINTERS DISTRICT COUNCIL NO. 58 FRINGE BENEFITS FUND, PAINTERS AND GLAZIERS OF CENTRAL AND SOUTHERN ILLINOIS HEALTH & WELFARE FUND, PAINTERS DISTRICT COUNCIL 58 401(k) TRUST FUND, PAINTERS DISTRICT COUNCIL #58 APPRENTICESHIP AND TRAINING FUND and PAINTERS-EMPLOYERS COOPERATIVE TRUST OF ILLINOIS,

By: _____
Gregg Smith, Trustee

Dated this 17 day of May, 2011      INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND

By: _____
Tom Montemore, Plan Administrator

Dated this \_\_\_ day of May, 2011      EMPLOYER:

CY WUEBBELS & SONS PAINTING CONTRACTORS, L.L.C.

By: _____
CHARLES WUEBBELS, its Manager, Member and Authorized Agent

_____
MICHAEL WUEBBELS, its Manager, Member and Authorized Agent

Dated this ___ day of May, 2011   FUNDS:

ILLINOIS STATE PAINTERS WELFARE
FUND,

By: _____
  Gregg Smith, Trustee

Dated this ___ day of May, 2011   PAINTERS DISTRICT COUNCIL
NO. 58 FRINGE BENEFITS FUND,
PAINTERS AND GLAZIERS OF
CENTRAL AND SOUTHERN ILLINOIS
HEALTH & WELFARE FUND,
PAINTERS DISTRICT COUNCIL
58 401(k) TRUST FUND, PAINTERS
DISTRICT COUNCIL #58
APPRENTICESHIP AND TRAINING
FUND and PAINTERS-EMPLOYERS
COOPERATIVE TRUST OF ILLINOIS,

By: _____
  Gregg Smith, Trustee

Dated this ___ day of May, 2011   INTERNATIONAL PAINTERS AND
ALLIED TRADES INDUSTRY PENSION
FUND

By: _____
  Tom Montemore, Plan Administrator

Dated this _18th_ day of May, 2011   EMPLOYER:

CY WUEBBELS & SONS PAINTING
CONTRACTORS, L.L.C.

By: _____
CHARLES WUEBBELS, its Manager, Member
and Authorized Agent

_____
MICHAEL WUEBBELS, its Manager, Member
and Authorized Agent